IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BEN E. KEITH COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00868-O |
| § | |
| BOSTON MARKET CORPORATION, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Partial Summary Judgment on PACA Trust Claims and for Order Directing the Release of PACA Funds in the Registry of the Court, Amended Brief, and Appendix (ECF Nos. 35, 38, and 37, respectively) (the "MPSJ") filed by Ben E. Keith Company ("BEK"); Defendants' Response and Brief (ECF Nos. 39, 40); BEK's Amended Reply (ECF No. 44); and BEK's Motion for Summary Judgment on Non-PACA Related Claims, Brief, and Appendix (ECF Nos. 47-49, respectively) (the "MSJ"). Defendants did not respond to the MSJ. By Order dated April 19, 2023, United States District Judge Reed O'Connor referred the two motions and all related pleadings to the undersigned for hearing, if necessary, and determination or recommendation under 28 U.S.C. § 636(b)(1). ECF No. 61. After reviewing the pleadings, summary judgment evidence, and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT in part** the MPSJ and **GRANT** the MSJ.

I.  **BACKGROUND**

This case involves allegations that Defendants did not pay BEK for produce and other goods. BEK and Defendant Boston Market Corporation ("BMC") executed multiple contracts

between May 10, 2022 and July 2, 2022 for BEK to sell BMC certain goods, including perishable produce ("Produce"). ECF No. 19 at 1. BEK sold BMC $515,445.10 in goods under these contracts, including $72,814.07 in Produce. *Id*. BEK alleges that BMC received the goods at issue, but did not pay for them. *Id*. at 1-2. Accordingly, BEK sued BMC for violation of the Perishable Agricultural Commodities Act ("PACA") and breach of contract. ECF No. 1, 7 U.S.C. §499e(b)(2). While BEK's Complaint included a suit on a sworn account, BEK did not move for summary judgment on that basis, nor did it pursue a breach of contract claim under Article 2 of the Texas Business and Commerce Code.

The Court previously enjoined Defendants from "using, consuming, or otherwise dissipating PACA trust assets and other company assets, or making payment of any trust or company asset to any creditor, person, or entity until further order of this Court until all of [BEK's] PACA trust claims of similarly situated creditors have been fully satisfied." ECF No. 19 at 9. The Court also required the Defendants to "immediately turn over to the registry of the Court or an approved account in a financial institution all cash assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiffs." *Id.* In response, the Defendants deposited the amount of $72,814.07 ("the PACA Trust Funds") into the registry of the Court. ECF No. 26 at 1. The Court also ordered BEK to pay a $500 surety bond or deposit into the Court's registry. ECF No. 19 at 9. BEK made that cash deposit on October 3, 2022. ECF No. 20.

Now before the Court are the MPSJ and the MSJ. ECF Nos. 38, 47. In the MPSJ, BEK seeks release of the PACA Trust Funds because BEK is "a properly perfected beneficiary of the PACA Trust and [BMC] is the trustee of the trust." ECF No. 38 at 14-15. BEK also argues that the Court should hold Jignesh Jay Pandya ("Pandya"), the chairman of BMC, secondarily liable "for

2

[BMC's] failure to maintain the PACA Trust in favor of [BEK]." ECF Nos. 38 at 15, 27-1 at 1. Finally, BEK seeks interest, attorney's fees, and court costs. ECF No. 38 at 16.

In response, BMC concedes that the PACA Trust Funds should be released, but it disputes that PACA properly applies to the dispute, asks the Court to not hold Pandya secondarily liable, and denies that BEK is entitled to recover its attorney's fees under PACA. ECF No. 40 at 2. In its reply, BEK maintains its claim that PACA applies to the dispute and that Pandya is secondarily liable, but it no longer seeks attorney's fees under PACA. ECF No. 44 at 3, 5-7.

In its MSJ, BEK claims that BMC breached its contract by failing to pay invoices when they were due. ECF No. 48 at 7. BEK seeks to recover $450,653.35 in damages, which includes the $72,814.07 that it claims under PACA. *Id.* at 1. It also requests attorney's fees, costs, and all allowable interest. *Id.* at 7-9. Defendants did not file a response to the MSJ.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc. Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court views summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Additionally, it resolves factual controversies in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In considering the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242-43. The Court grants the motion only if the movant meets its burden and the nonmovant fails to make the requisite showing of a genuine issue of material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

## III. ANALYSIS

### A. BEK is entitled to judgment against BMC on the MPSJ.

#### 1. The clerk should release the PACA Trust Funds to BEK.

PACA helps ensure that produce buyers pay produce sellers by requiring the buyer to hold the produce, or its proceeds or accounts receivable, in trust for the seller until the seller receives final payment for the transaction. *Iscavo Avocados USA, LLC v. Pryor*, 953 F.3d 316, 318 (5th Cir. 2020). PACA applies here because the Confidential Master Distribution Agreement ("Agreement") between BEK and BMC provided:

> Any perishable agricultural commodities listed on invoices are sold subject to the statutory trust authorized by section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c). The seller of these commodities retains a trust claim over these commodities and any receivables or proceeds from the sale of this commodity until full payment is received.

ECF No. 37 at 38.

As noted above, BMC deposited the PACA Trust Funds into the registry of the Court. Although Defendants dispute PACA's applicability to restaurants and deny that the transactions at issue occurred in interstate commerce, they have agreed, for economic reasons, to the release of the PACA Trust Funds to BEK. ECF No. 39 at 2. Accordingly, since both parties agree that the PACA Trust Funds should be released, there is no genuine issue of material fact on this point, and Judge O'Connor should order the clerk to release the PACA Trust Funds and any interest accrued on the amount deposited into the Court's registry to BEK.

#### 2. Pandya is not secondarily liable to BEK under PACA.

The parties dispute whether Pandya is secondarily liable for BMC's PACA liability. "PACA liability attaches first to the licensed commission merchant, dealer, or broker of perishable agricultural commodities." *Iscavo*, 953 F.3d at 318. If its assets are not sufficient to pay the PACA

5

liability, "shareholders, officers, or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA." *Id*. at 319.

The Court should not hold Pandya secondarily liable here since BEK has not demonstrated that BMC's assets are insufficient to satisfy its PACA liability. The PACA Trust Funds and accrued interest are in the Court's registry, and there is no indication that BMC does not have the wherewithal to pay post-judgment interest on the initial amount deposited into the registry or BEK's court costs. Therefore, Judge O'Connor should deny the MPSJ to the extent that it seeks to hold Pandya secondarily liable for BMC's PACA liability.

### B. BEK is entitled to summary judgment against BMC for breach of contract.

#### 1. Texas law applies to the claim.

In the MSJ, BEK seeks judgment for common law breach of contract. ECF Nos. 47, 48. Texas choice of law rules apply to the claim because it arises under the Court's supplemental jurisdiction. 28 U.S.C. § 1367. "[A] federal court exercising supplemental jurisdiction over a state law claim must apply the substantive law of the state in which it sits." *Zavala v. City of Houston, Texas*, No. 98-20870, 1999 WL 800008, at *2 (5th Cir. Sept. 24, 1999); *see also Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989) ("A federal court exercising pendent jurisdiction over state law claims, must apply the substantive law of the state in which it sits. This includes the forum state's choice of law rules.").

#### 2. The summary judgment evidence proves BEK's claim.

Because Defendant did not respond to the MSJ and offer summary judgment evidence to show a genuine issue of material fact for trial, the Court accepts the facts offered by BEK as uncontested. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

To recover on a suit for breach of contract, a plaintiff must "show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (internal citations and quotations omitted). BEK has presented sufficient summary judgment evidence to prove each element.

First, a contract existed between BEK and BMC. The sworn declaration of Shelley Clark in support of the MSJ ("Clark Declaration") proves that "[BEK] and [BMC] entered into multiple contracts from May 10, 2022, to July 2, 2022, as evidenced by Invoices (defined herein) under which [BEK] agreed to sell [BMC] Goods for use in numerous of its restaurants located in Texas and other states." ECF No. 49-1 at 2, ¶ 17. BEK also proved the existence of the Agreement. *Id*. at 20-27. BMC admitted that "[it] agreed to purchase certain Goods from [BEK]." ECF Nos. 1 at 3, 27 at 2. Taken together, this evidence shows that there is no genuine dispute that a contract existed between BEK and BMC.

Second, BEK performed or tendered performance. The Clark Declaration states that "[BEK] delivered the Goods ordered by [BMC] to its restaurants in Texas and other locations in the United States." ECF No. 49-1 at 2, ¶ 11. It also provided that "[BEK] did not reject any of the Goods." *Id*. at 2, ¶ 17. BMC did not offer summary judgment evidence to dispute these facts.

Third, BMC breached its contract with BEK. "A breach of contract occurs when a party fails or refuses to do something he has promised to do." *Zieche v. Burlington Res. Inc. Emp. Change In Control Severance Plan*, 506 F. App'x 320, 324 (5th Cir. 2013) (quoting *Capstone Healthcare Equip. Servs., Inc. ex rel. Health Sys. Grp., L.L.C. v. Quality Home Health Care, Inc.*, 295 S.W.3d 696, 699 (Tex. App.—Dallas 2009, pet. denied). Here, BMC failed to pay BEK as required. The Clark Declaration states that "[BMC] has not paid the Invoices." ECF No. 49-1 at 2,

¶ 19. BEK also produced evidence of breach through invoices that accompanied the Clark Declaration. *See, e.g.*, ECF No. 49-1 at 6-18. Again, BMC did not offer evidence to contradict this fact.

Fourth, BEK suffered damages resulting from BMC's breach. The Clark Declaration proves that "[a]llowing for all lawful and due offsets, credits, or payments, the sum of $450,653.35 is due and owing by [BMC] to [BEK] (the '**Amount Due**') for the Goods covered by the Invoices which were ordered by [BMC], delivered by [BEK] to [BMC's] various restaurants, and received and used by [BMC]." *Id*. at 3, ¶ 21. This amount includes the PACA Trust Funds. ECF No. 48 at 1. BEK also offered invoices and invoice summaries showing the damages due and owing. *See, e.g.*, ECF No. 49-1 at 6-18. BMC offered no summary judgment evidence in response, and consequently, there is no genuine dispute of material fact for trial on the issue of whether BEK suffered damages as a result of BMC's breach.

Rule 56 "*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Little*, 37 F.3d at 1075 (citing *Celotex,* 477 U.S. at 322) (emphasis added). Because there are no genuine disputes of material fact regarding BMC's breach of contract under Texas law, and because BEK is entitled to judgment as a matter of law, Judge O'Connor should grant the MSJ.

### C.    BEK should recover its reasonable attorney's fees, costs, and interest.

Although it initially requested attorney's fees under PACA, BEK now seeks them only on its breach of contract claims. ECF No. 43 at 5-6. On that claim, the Agreement provides that "[i]n the event any action is initiated for a breach of this Agreement, the prevailing party shall be entitled to have and recover from the non-prevailing party all costs and expenses (including attorneys'

fees) incurred in such action and any appeal thereof." ECF No. 49-1 at 25, ¶ 5. And, under Texas law, BEK is entitled to recover reasonable and necessary attorney's fees as the prevailing party on its breach of contract claim. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) (West 2022); *Kona Tech. Corp. v. Southern Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) ("[W]hen a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is mandatory under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)."). Because BEK prevailed on its breach of contract claim, the Court should award it reasonable attorney's fees.

As a prevailing party, BEK also is entitled to recover its costs unless a federal statute, a federal rule, or the Court provides differently. Fed. R. Civ. P. 54(d)(1). Taxable court costs applicable to this case include (1) fees paid to the clerk and marshal; (2) court reporter fees for deposition transcripts; (3) witness fees and related expenses; (4) printing fees; and (5) fees for copies of papers necessarily obtained for the case. 28 U.S.C. § 1920. Costs also are recoverable under PACA. *Sunterra Distribution, LLC v. Castros Distribution LLC*, No. 3:18-cv-2783-S, 2019 WL 4418320, at *9 (N.D. Tex. Aug. 22, 2019). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). For all of these reasons, the Court should award BEK its taxable court costs.

Finally, the Court should award BEK prejudgment and post-judgment interest. PACA does not specifically provide for an award of prejudgment interest, but a "district court 'has broad discretion to award discretionary prejudgment interest to PACA claimants under 7 U.S.C. § 499e(c)(2).'" *Baker Packing Co. v. Produce Fresh, Inc.*, SA-10-CV-663-XR, 2011 WL 1327627, at *3 (W.D. Tex. Apr. 6, 2011) (quoting *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1226 (9th Cir. 2002)). BEK requests an award of prejudgment

9

interest at the rate of 6% per annum, the highest rate allowed by Texas law. Tex. Fin. Code § 302.002 (West 2023). Because BEK's last invoice was dated July 2, 2022 (*see* ECF No. 1-5 at 4), prejudgment interest runs from thirty days after this date to the date the Court enters judgment. BEK asserts that the proper per diem amount for the interest accrual is $74.08. ECF No. 48 at 7. The accrued amount of prejudgment interest from August 1, 2022 through the date of these findings, conclusions, and recommendation is $29,854.24 (403 days x $74.08 per day). After the Court enters judgment, post-judgment interest should accrue at the rate set by federal law. 28 U.S.C. § 1961.

## IV.   CONCLUSION

BEK is entitled to the $72,814.07 held in the registry of the Court under PACA because the parties agree that the funds should be released. The Court should order the clerk to disburse this amount and any interest accrued on it to BEK. Though BMC is liable for this amount, Jignesh Pandya is not secondarily liable, as BEK has not demonstrated that BMC lacks sufficient assets to satisfy any liability under PACA. BEK also is entitled to recover the additional sum of $377,839.28 from BMC for breach of contract, representing the amount of damages that the summary judgment evidence proves minus the amount of the PACA Trust Funds that are payable to BEK.

BEK should recover its reasonable attorney's fees; taxable court costs; prejudgment interest in the amount of $29,854.24 through the date of these findings, conclusions, and recommendation, with prejudgment interest continuing to accrue at the rate of $74.08 per day until the Court enters judgment; and post-judgment interest at the federal rate after the date of the judgment and compounded annually.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT in part** Ben E. Keith Company's Motion for Partial Summary Judgment on PACA Trust Claims and for

Order Directing the Release of PACA Funds in the Registry of the Court (ECF No. 35) and **GRANT** its Motion for Summary Judgment on Non-PACA Related Claims (ECF No. 47).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass*, 79 F.3d at 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 8, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE