IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BEN E. KEITH COMPANY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00868-O |
| | § | |
| **BOSTON MARKET CORPORATION,** | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Amend Final Judgment to Include Reasonable Attorneys' Fees and Expenses (ECF No. 72) filed by Ben E. Keith Company ("BEK"). By Order dated September 29, 2023, United States District Judge Reed O'Connor referred the Motion and all related pleadings to the undersigned for hearing, if necessary, and determination or recommendation under 28 U.S.C. § 636(b)(1). ECF No. 73. Defendants did not respond to the Motion. ECF No. 74. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion and enter an Amended Final Judgment that includes the attorney's fees and expenses requested in the Motion.

I.   **BACKGROUND**

This case involves allegations that Defendants did not pay BEK for produce and other goods. On September 8, 2023, the undersigned entered findings, conclusions, and a recommendation that BEK's Motion for Partial Summary Judgment (ECF No. 35) be granted in part and denied in part and that its Motion for Summary Judgment (ECF Nos. 47) be granted. ECF No. 67. On September 25, 2023, Judge O'Connor entered his Order Accepting Findings,

Conclusions, and Recommendation of the United States Magistrate Judge, which accepted the undersigned's findings, conclusions, and recommendation. ECF No. 69. The Court entered Final Judgment on September 26, 2023. ECF No. 71. BEK now seeks entry of an Amended Final Judgment that includes an award in a specific amount for its attorney's fees and expenses. ECF No. 72.

## II. LEGAL AUTHORITIES

The Court has "broad discretion in setting the appropriate award of attorneys' fees." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The first step in setting an appropriate award looks to the "lodestar" of the relevant fees. *Id.* "The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate." *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The lodestar sets the baseline for reasonable fees, but the Court "may adjust it upward or downward in exceptional cases." *Id.*; *see also Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir. 1987) ("[T]he calculation of the lodestar does not end the inquiry and [] other considerations may persuade the district court to increase or decrease a fee award.").

After calculating the lodestar, the Court must evaluate the amount in light of the twelve factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The *Johnson* factors include: (1) "the time and labor required"; (2) "the novelty and difficulty of the questions"; (3) "the skill requisite to perform the legal service properly"; (4) "the preclusion of other employment by the attorney due to acceptance of the case"; (5) "the customary fee"; (6) "whether the fee is fixed or contingent"; (7) "time limitations imposed by the client or circumstances"; (8) "the amount involved and the results obtained"; (9) "the experience, reputation, and ability of the

attorneys"; (10) "the 'undesirability' of the case"; (11) "the nature and length of the professional relationship with the client"; and (12) "awards in similar cases." *Id.*; *see also* Tex. Disciplinary Rules Prof'l Conduct R. 1.04, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, §9) (incorporating some of the *Johnson* factors into the State Bar of Texas's rules of professional conduct). "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

"[I]t will not always be necessary for a district court to address each of the twelve factors in explaining the considerations affecting its decision." *Davis v. Fletcher*, 598 F.2d 469, 471 (5th Cir. 1979). Nevertheless, "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (citation omitted). "[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (quoting *Kellstrom*, 50 F.3d at 324). While the absence of contemporaneous billing records "does not preclude an award of fees per se," the evidence must be "adequate to determine reasonable hours." *Id.* (quoting same at 325).

### III. ANALYSIS

Under Texas Civil Practice & Remedies Code § 38.001, BEK is entitled to recover its reasonable and necessary attorney's fees as the prevailing party on its breach of contract claim. Tex. Civ. Prac. & Rem. Code § 38.001(8) (West 2022); *Kona Tech. Corp. v. Southern Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) ("[W]hen a prevailing party in a breach of contract suit

seeks attorneys' fees, an award of reasonable fees is mandatory under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)."). Because BEK prevailed on its breach of contract claim, the Court should award it reasonable attorney's fees.

The attorney's fees and costs incurred by BEK and sought in the Motion total $41,385.60. ECF No. 68 at 8. Step one in determining an appropriate fee award involves finding the lodestar, which "is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate." *LULAC*, 119 F.3d at 1232. In support of its request for attorney's fees, BEK offers a Verified Motion for Allowance of Attorneys' Fees and Costs on Entry of Judgment ("Verified Motion") and Matter Billing Detailed Report of its counsel, Akerly Law PLLC. ECF Nos. 68, 68-1, respectively.

The billing records reflect that Bruce W. Akerly is counsel to the Akerly Law PLLC ("Akerly Law") and had a billing rate of $350.00 per hour for his time spent representing BEK in this matter, $275.00 per hour for his associate, and $100.00 for his paralegal. ECF No. 68 at 5-6. Mr. Akerly's charges equal $38,465.00 for 110.20 hours, his associate's charges equal $852.50 for 3.10 hours; and his paralegal's charges equal $2,930.00 for 31.10 hours. ECF No. 68 at 6. Additionally, the Court entered an order of sanctions against Defendant Boston Market Corporation in the amount of $5,320 for attorney's fees. ECF No. 62. Combining the time and charges billed equals $34,897.50 (not including the sanctions award) and $1,668.10 in expenses. *Id.* BEK seeks a total award of $41,385.60. The Court notes that this amount does not include the sum of $500.00 deposited by BEK in the registry of the Court in lieu of a bond and ordered released to BEK in the Final Judgment. ECF No. 71.

Initially, the Court must determine if the attorney's fees requested represent a reasonable number of hours expended at a reasonable hourly amount. *Alexander v. City of Jackson Miss.*, 456

F. App'x 397, 399-400 (5th Cir. 2011). The Court concludes that the charges incurred by BEK's counsel were reasonable. Likewise, the Court concludes that the hourly rates charged by BEK's counsel were reasonable. Mr. Akerly was admitted to practice in Texas in 1982 and has been practicing creditor's rights, bankruptcy, and collections law since then. ECF No. 68 at 6. He has been a member of the Bar of the Court since 1984. *Id.* The time and effort he, his associate, and his paralegal expended on behalf of their client was reasonable and customary for similar cases prosecuted by experienced, skilled counsel in the Court. Based upon the Court's familiarity with the reasonable, usual, and customary billing rates in the Fort Worth Division of the Court for lawyers with similar years of experience and backgrounds, the undersigned finds that BEK's fee award request is reasonable and that $40,217.50 is the reasonable lodestar for this matter.

The Court can adjust that lodestar up or down based on an analysis of the twelve *Johnson* factors. *See Johnson*, 488 F.2d at 717-19. After considering the briefing and support that BEK filed, the Court concludes that no further adjustment is warranted. Half of the *Johnson* factors are neutral (factors 2, 3, 4, 7, 10, and 11), while half of the *Johnson* factors indicate the lodestar amount is reasonable (factors 1, 5, 6, 8, 9, and 12). None indicates that the requested fees are unreasonable. Moreover, the most important of the *Johnson* factors—"the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel," *see Migis*, 135 F.3d at 1047—all suggest that the lodestar amount is reasonable.

To briefly touch on the neutral factors, factor two is not at issue here because this case stems from a collection suit, thus presenting no "novel" or "difficult" legal questions. *See Johnson,* 488 F.2d at 718. Likewise, the third factor is not relevant because this case does not require attorneys with highly specific or niche competencies. *See id.* And BEK's counsel does not argue that he was significantly precluded from other work by taking this case, rendering the fourth factor

5

inapplicable. *See id.* Further, there was no suggestion that pressing time constraints applied to this action or that there were atypical "time limitations imposed by the client or circumstances." *Id.* Because the case presents nothing uniquely undesirable from a practitioner's perspective, the tenth *Johnson* factor also does not inform the Court's inquiry. *See id at 719.* And finally, "the nature and length of the professional relationship with the client" does not factor into the Court's reasonability analysis because nothing of record reflects the nature and extent of BEK's relationship with its counsel. Accordingly, that factor is irrelevant for the Court's reasonability analysis. *See id.*

As for factors suggesting that $40,217.50 would be a reasonable attorney fee for work in this matter, the first *Johnson* factor is "the time and labor required" for an attorney to prosecute the action. *Id.* at 717. As noted above, the amount of time and labor required is not at issue in the lodestar amount, nor is there any need to revise it at this point. Having examined the relevant billing records and determined that $40,217.50 is a reasonable lodestar, the Court concludes that this amount provides ample, but not unreasonable, compensation for to BEK in this case. Consequently, the amount of requested fees, as adjusted, is reasonable. *See id.* at 717.

The fifth *Johnson* factor also lends support to BEK's request. The fifth factor looks to the "customary fee" in similar cases. *See id. at 718.* In this regard, "courts in the Northern District [of Texas] have approved regular hourly rates of $345, $350, and $375." *Koehler v. Aetna Health Inc.*, 915 F. Supp. 2d 789, 799 (N.D. Tex. 2013) (collecting cases). The hourly rate requested by BEK's counsel is well within the range of reasonableness for a lawyer with over ten years of experience in business litigation who regularly appears in the Fort Worth Division of the Court. This is naturally accompanied by the sixth factor—"whether the fee is fixed or contingent." 488 F.2d at 718. Ordinarily, larger fees may be justified if the fee is contingent. But here the fee is not

particularly large, and the fact Mr. Akerly apparently represented BEK on an hourly basis facilitates efficient calculations like the one conducted above. The sixth factor supports an attorney's fee award of $40,217.50 here.

By far the most important factors in this case are *Johnson*'s eighth and ninth factors: the "amount involved and results obtained" and the "experience, reputation, and ability of the attorneys." *See id.* at 718-19. The eighth factor makes $40,217.50 seem quite reasonable, as such a factor represents less than five percent of the total value of the final judgment, excluding interest. *See* ECF No. 71. Likewise, the ninth factor shows $40,217.50 to be a reasonable amount because of the experience and reputation of BEK's counsel. And finally, attorney's fee awards roughly comparable to the amount of fees charged here are commonplace in this Court and elsewhere. *See, e.g.*, *Koehler*, 915 F. Supp. 2d at 797-800 (collecting cases). Accordingly, Judge O'Connor should enter an Amended Final Judgment granting $40,217.50 in reasonable attorneys' fees.

As a prevailing party, BEK also is entitled to recover its costs, unless a federal statute, a federal rule, or the Court provides differently. Fed. R. Civ. P. 54(d)(1). Taxable court costs applicable to this case include (1) fees paid to the clerk and marshal; (2) court reporter fees for deposition transcripts; (3) witness fees and related expenses; (4) printing fees; and (5) fees for copies of papers necessarily obtained for the case. 28 U.S.C. § 1920. There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). Under Rule 54, the clerk of Court is responsible for taxing costs, and any amount taxed should recognize that the Amended Final Judgment will provide for return of the sum of $500.00 deposited by BEK in the registry of the Court in lieu of a bond. For all of these reasons, the Court should award BEK its taxable court costs in an amount to be taxed by the clerk of Court under Fed. R. Civ. P. 54.

## IV. CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion to Amend Final Judgment to Include Reasonable Attorneys' Fees and Expenses (ECF No. 72) and enter an Amended Final Judgment reflecting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 26, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

8