IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BEN E. KEITH COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00868 |
| § | |
| BOSTON MARKET CORPORATION, § | |
| *et al.*, § | |
| Defendant. § | |

# ORDER

Before the Court is Plaintiff's Motion for Order to Show Cause Why Defendant Boston Market Corporation Should Not be Held in Contempt (ECF No. 79), filed November 27, 2023. The Motion alleges that Plaintiff's counsel served Defendant with a subpoena to appear and produce documents at a deposition scheduled for November 17, 2023, at 10:00 a.m., by Zoom. *Id.* at 1-2. Plaintiff's counsel appeared for the deposition, but Defendant did not. *Id.* at 2, *see* also ECF No. 79- 2.

The Court referred the Motion to Magistrate Judge Ray on November 28, 2023. ECF No. 81. On that same day, the Magistrate Court ordered Defendant to file any response to the Motion on or before December 19, 2023, and to appear before the Court at 10:00 a.m. C.S.T. in courtroom 508 of the Eldon B. Mahon United States Courthouse in Fort Worth, Texas, to show cause why it should not be held in contempt. ECF No. 82 at 1. Although served with notice of the Court's Order through its registered agent (ECF No. 84), Defendant did not respond to the Motion or appear at this hearing.

Following the December 19th hearing, the Magistrate Court entered a Certification of Contempt (ECF No. 87) and recommended that this Court "conduct a hearing to hear evidence as

to why Defendant should not be found in contempt of court for failing to comply with the subpoena served by Plaintiff as described in the Motion." ECF No. 79. The Court held a show cause hearing on January 26, 2024. Although served with notice of the Court's Order through its registered agent (ECF No. 92), Defendant did not respond to the Motion or appear at hearing.

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013). To hold an individual in civil contempt, "it must be found by clear and convincing evidence that '(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004)).

"[C]ourts have the inherent power to enforce compliance with their lawful orders through civil contempt." *United States v. Smith*, No. 5:17CV86-JRG-CMC, 2018 WL 4524123, at *3 (E.D. Tex. Sept. 13, 2018) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); *see also Int'l Union, Union Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) ("Courts thus have embraced an inherent contempt authority, as a power necessary to the exercise of all others." (internal citation omitted)). Accordingly, judicial sanctions may "'be employed for either or both of two purposes: to coerce the [respondent] into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)).

"[T]he district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th

Cir. 2005). But "[i]n selecting the appropriate contempt sanction, 'a court is obliged to use the least possible power adequate to the end proposed.'" *Allstate Settlement Corp. v. Doucette*, No. H-15-1130, 2016 WL 3346531, at *3 (S.D. Tex. June 16, 2016) (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)). Moreover, because civil contempt sanctions "are considered to be coercive and avoidable through obedience," *Bagwell*, 512 U.S. at 827, the respondent should be able to "avoid the sanctions by promptly complying with the court's order," *Smith*, 2018 WL 4524123, at *7 (internal citation omitted).

The Court **HOLDS** Boston Market Corporation in civil contempt of court. Boston Market Corporation may purge its civil contempt by appearing, by and through its managing agent or other person authorized to testify on its behalf and to produce documents at the oral deposition listed below:

> Plaintiff, BEN E. KEITH ("Plaintiff"), acting by and through its attorney, will take the oral deposition duce tecum of BOSTON MARKET CORPORATION ("Deponent"), by stenographic means, following the swearing in by the witness by a person authorized by law to do so at the offices of AKERLY LAW PLLC, 2785 Rockbrook Drive, Suite 201, Lewisville, Texas 75067, on **February 22, 2024, beginning at 10:00 o'clock a.m. C.S.T**. The deposition will be by ZOOM.

Further, the Court **GRANTS** Plaintiff's request for attorneys' fees in the amount of $1,140.50 as a sanction for failing to comply with the subpoena and Court orders. Plaintiff shall serve this Order on Defendant and file a notice on the docket of this case indicating how service was effectuated.

**SO ORDERED** on this **26th day** of **January, 2024.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE